1
2
3
4
5
6
7
8              UNITED STATES  DISTRICT COURT
9                 Northern District of California
10                      San Francisco Division
11  JAY ROSSET, et al.,                    No. C 14-01701 LB
12              Plaintiffs,          **ORDER (1) REGARDING
                                     PLAINTIFF'S MOTION TO REMAND
13        v.                         AND (2) DIRECTING THE PARTIES
                                     TO PROVIDE FURTHER BRIEFING
14  HUNTER ENGINEERING CO., et al.,  REGARDING DEFENDANTS' ERISA
                                     COMPLETE PREEMPTION
15              Defendants.          GROUND FOR REMOVAL**
16                                   [Re: ECF Nos. 10, 16]
17  _____/
18                          **INTRODUCTION**
19      In this action, Plaintiffs Jay Rosset, Thomas White, and Joe Niccum have sued Hunter
20  Engineering Company ("Hunter") and Bill Keyes for claims arising under California state law.
21  Defendants removed the action.  Now, Mr. Keyes moves to dismiss Plaintiffs' claims against him,
22  and Plaintiffs move to remand the action and for leave to file an amended complaint.  Upon
23  consideration of the papers submitted, the arguments of counsel at the July 10, 2014 hearing, and the
24  applicable authority, the court rules as follows with respect to Plaintiffs' motion to remand and
25  directs the parties to provide further briefing regarding Defendants' assertion of ERISA complete
26  preemption as a ground for removal.
27                          **STATEMENT**
28      The relevant facts are taken from Plaintiffs' First Amended Complaint, Defendants' Notice of

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Removal and Supplement and Amendment to the Notice of Removal, and the declarations submitted

2  along with the parties' papers in support of and in opposition to Plaintiffs' motion to remand.

3      Hunter "is an international company that manufactures and sells car and truck servicing

4  equipment such as vehicle lifts, wheel alignment systems, break testing equipment, and the like."

5  FAC ¶ 14, ECF No. 1-1.[1]  It is a corporation organized under the laws of Missouri, where it has its

6  principal place of business.  *Id.* ¶ 8.  It also has offices in Alameda County, California.  *Id.*  Mr.

7  Keyes "is a Regional Manager working for Hunter in California."  *Id.* ¶ 15.  He is a California

8  citizen who resides in or around Alameda County.  *Id.* ¶ 9.

9      Mr. Rosset worked for Hunter in California "as a so-called 'independent contractor' Sales

10  Representative for 15 years, from on or about February 2, 1998, until he was terminated by Hunter

11  effective on or about March 22, 2013."  *Id.* ¶ 16.  Mr. White worked for Hunter in California "as a

12  so-called 'independent contractor' Sales Representative for 22 years, from on or about August 1,

13  1991, until he was terminated by Hunter effective on or about August 15, 2013."  *Id.* ¶ 17.  And Mr.

14  Niccum worked for Hunter in California  "as a so-called 'independent contractor' Sales

15  Representative for approximately 18 years, from 1993 to 1996, and then from about February 1998,

16  until about December 2011, when he transferred to a Hunter location in Arizona on or about January

17  2012."  *Id.* ¶ 18.  Mr. Niccum was terminated by Hunter effective on or about August 2013."  *Id.*

18      Mr. Keyes was "at certain times" Mr. Rosset's and Mr. White's supervisor.  *Id.* ¶ 15.

19      Plaintiffs allege that "while Hunter classifies all its Sales Representatives and Service

20  Representatives in California as 'independent contractors,' they are in fact employees because

21  Hunter strictly controls the manner and means by which they carry out their duties."  *Id.* ¶ 20.

22  Plaintiffs maintain that Hunter's Sales Representatives and Service Representatives in California

23  "should therefore be treated as employees with respect to wages, expense reimbursements, fringe

24  benefits, payroll taxes, anti-discrimination laws, and other purposes."  *Id.*

25      Plaintiffs filed their original Complaint in Alameda County Superior Court on December 20,

26  2013.  Sidebotham Decl. ¶ 2, ECF No. 16-1 at 2.  Shortly thereafter, Plaintiffs' counsel was

27  ――――――――――――――――

28          [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 14-01701 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

contacted by Stephen Garlock, counsel for Defendants.  Supplemental Sidebotham Decl. ¶ 2, ECF No. 24-1 at 2.

Plaintiffs filed the operative First Amended Complaint in Alameda County Superior Court on February 7, 2014.  They bring the following nine claims.  Claim One is brought against Hunter as an "Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and against Mr. Keyes as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Willful Misclassification" under California Labor Code §§ 226.8 and 2698 et seq.  *Id.* ¶¶ 42-49.  Claim Two is brought against Hunter as an "Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and is for "Failure to Reimburse Expenses" under California Labor Code §§ 2698 et seq. and 2802. *Id.* ¶¶ 50-56.  Claim Three is brought against Hunter as an "Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and against Mr. Keyes as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Unlawful Purchase Requirements" under California Labor Code §§ 450 and 2698 et seq.  *Id.* ¶¶ 57-64.  Claim Four is brought against Hunter as an "Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and against Mr. Keyes as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Unlawful Deductions from Wages" under California Labor Code §§ 221 and 2698 et seq.  *Id.* ¶¶ 65-72.  Claim Five is brought against Hunter as an "Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and is for "Failure to Pay Wages and Fringe Benefits" under California Labor Code §§ 201-204 and 2698 et seq.  *Id.* ¶¶ 73-85.  Claim Six is brought against Hunter as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Age Discrimination in Employment" under California Government Code § 12900 et seq.  *Id.* ¶¶ 86-95.  Claim Seven is brought against Hunter as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Wrongful Termination in Violation of Public Policy."  *Id.* ¶¶ 96-103.  Claim Eight is brought against Hunter as an "Individual, Class, and UCL Representative Claim" by Mr. Rosset, Mr. White, and Mr. Niccum, and is for "Unfair Competition" under California Business and Professions Code § 17200 et seq.  *Id.* ¶¶ 104-110.  Claim Nine is brought against Hunter as an "Individual and Class Claim" by Mr. Rosset, Mr. White, and Mr. Niccum, and is for "Declaratory and Injunctive Relief" under California Code of Civil Procedure §§ 526, 1060, and 3422.  *Id.* ¶¶ 111-116.  Thus, all Claims One through Nine all are

UNITED STATES DISTRICT COURT
For the Northern District of California

1    brought against Hunter, and Claims One, Three, and Four are brought against Mr. Keyes as well.

2    On February 14, 2014, Eric Sidebotham, counsel for Plaintiffs, emailed Mr. Garlock to discuss

3    whether Mr. Garlock was or would be authorized to accept service of the First Amended Complaint

4    and summons on behalf of Hunter and Mr. Keyes.  Supplemental Sidebotham Decl. ¶ 3, ECF No.

5    24-1 at 2.  Mr. Sidebotham stated in the email: "I am going to send you (next week) the papers in

6    this case, along with a notice of acknowledgment and receipt regarding the possibility of you

7    accepting service on both the corporate and individual defendants." *Id.*, Ex. E, ECF No. 24-2.  Mr.

8    Sidebotham attached to his email a copy of the First Amended Complaint. *Id.* ¶ 3, ECF No. 24-1 at

9    2.  Mr. Garlock replied that same day and stated that he and his partner "will be in touch after we

10   receive the paperwork you are sending next week." *Id.* ¶ 3, ECF No. 24-1; id., Ex. E, ECF No. 24-3.

11   On February 24, 2014, Mr. Sidebotham emailed Mr. Garlock again and attached copies of the

12   First Amended Complaint and the summons.  *Id.* ¶ 4, ECF No. 24-1 at 2.  In the email, Mr.

13   Sidebotham stated: "I have also attached a form, permissible under the rules in California, regarding

14   service, which we will be mailing to you today.  My preference is that we enter into a stipulation

15   regarding service and correspond that with Defendants' deadline to respond to the [First Amended

16   Complaint].  If that is agreeable, can you kindly draft something for us to review[?]" *Id.*, Ex F, ECF

17   No. 24-4.

18   On February 28, 2014, Mr. Garlock replied to Mr. Sidebotham and stated: "I have been

19   authorized by Hunter Engineering to accept service on their behalf effective 2 weeks from today.

20   Does that work for you?" *Id.* ¶ 5, ECF No. 24-1 at 2; *id.*, Ex. G, ECF No. 24-5.  Mr. Sidebotham

21   replied that same day and stated: "That is agreeable to Plaintiffs.  We will send you a revised notice

22   of acknowledgment [of] receipt." Williams Decl. ¶ 4, ECF No. 21-1 at 2; *id.*, Ex. B, ECF No. 21-3.

23   Defendants' counsel received the revised acknowledgements of receipt for Hunter and Mr. Keyes,

24   and other documents, on March 6, 2014.  *Id.* ¶ 5, ECF No. 21-1 at 2.

25   On March 14, 2014, Defendants' other counsel, R. Nelson Williams, executed the Notice and

26   Acknowledgment of Receipt on behalf of Hunter and returned it to Mr. Sidebotham by email. *Id.* ¶

27   6, ECF No. 21-1 at 2; *id.*, Ex. D, ECF No. 21-5.  That same day, Mr. Sidebotham replied by email to

28   Mr. Williams and stated that he believed, based on his communications with Mr. Garlock, that

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Defendants' counsel also had agreed to accept service on behalf of Mr. Keyes.  *Id.* ¶ 7, ECF No. 21-

2   1 at 2.

3       On March 18, 2014, Mr. Williams called Mr. Sidebotham and confirmed that Defendants'

4   counsel would accept service on behalf of Mr. Keyes.  *Id.*  That same day, Mr. Williams executed

5   the Notice and Acknowledgment of Receipt on behalf of Mr. Keyes and returned it to Mr.

6   Sidebotham by email.  *Id.* ¶ 8, ECF No. 21-1 at 2; *id.*, Ex. F, ECF No. 21-7.

7       Defendants jointly filed a Notice of Removal on April 11, 2014.  Notice of Removal, ECF No. 1.

8   In it, Defendants asserted that the ground for removal was the court's diversity jurisdiction.  *See id.*

9   at 2-10.  Specifically, Defendants asserted that the amount of controversy requirement is met, *see id.*

10  at 6-10, and that there is complete diversity among the parties because Mr. Keyes was "fraudulently

11  joined" as a Defendant to this action, *see id.* at 4-6.  Defendants asserted that Mr. Keyes was

12  fraudulently joined because Plaintiffs' three claims against him fail and must be dismissed with

13  prejudice.  *See id.*  Without Mr. Keyes, complete diversity exists because Mr. Rosset and Mr. White

14  are citizens and residents of California, Mr. Niccum is a citizen and resident of Arizona, and Hunter

15  is a Missouri corporation that has its principal place of business in that state.  *Id.* at 3.

16      On April 17, 2014, Defendants jointly filed a Supplement and Amendment to the Notice of

17  Removal asserting that in addition to removing the action on the basis of diversity jurisdiction, they

18  also remove the action on the basis of the court's federal question jurisdiction.  Supplement and

19  Amendment to Notice of Removal, ECF No. 7.  Specifically, Defendants assert that Claims Five and

20  Nine (which are brought against Hunter only) are "completely preempted" by the Employee

21  Retirement Security Act of 1974 ("ERISA") because Plaintiffs allege in those claims that Hunter's

22  misclassification of them as "independent contractors" deprived them of fringe benefits, such as the

23  payment of health insurance premiums and the provision of retirement or pension benefits.  *Id.* at 2-

24  3.

25      Hunter answered the First Amended Complaint.  Answer (Hunter), ECF No. 11.  On April 18,

26  2014, Mr. Keyes filed a motion to dismiss Claims One, Three, and Four against him.  Motion to

27  Dismiss, ECF No. 10.  Plaintiffs filed an opposition on May 2, 2014, and Mr. Keyes filed a reply on

28  May 9, 2014.  Opposition to Motion to Dismiss, ECF No. 15; Reply in Support of Motion to

Dismiss, ECF No. 17.

On May 9, 2014, Plaintiffs filed a motion to remand and for leave to file an amended complaint. Motion for Remand, ECF No. 16.  In their motion to remand, Plaintiffs argued that Defendants' April 11, 2014 Notice of Removal was not timely filed, Mr. Keyes was not "fraudulently joined" and therefore the court's diversity jurisdiction does not exist, and their rights to relief do not "necessarily depend" upon the resolution of a substantial federal question and therefore the court's federal question jurisdiction does not exist, either. *See id.* at 2, 5-10.  On May 23, 2014, Defendants filed an opposition in which they argued, among other things, that they did not remove the action on the basis that Plaintiffs' rights to relief "necessarily depended" upon the resolution of a substantial federal question. *See* Opposition to Motion to Remand, ECF No. 21 at 17.  Rather, they removed the action on the ground that Claims Five and Nine are "completely preempted" by ERISA. *See id.* On May 30, 2014, Plaintiffs filed a reply in which they failed to discuss Defendants' ERISA "complete preemption" ground for removal and instead argued, for the first time, that Defendants' assertion of the court's federal question jurisdiction was untimely because Hunter's 30-day period for asserting grounds for removal had passed and Mr. Keyes cannot assert this ground for removal because he is not named as a defendant to Claims Five and Nine. *See* Reply in Support of Motion to Remand, ECF No. 24.

The court held a hearing on the matter on July 10, 2014.  7/10/2014 Minute Order, ECF No. 26. After the hearing, the court allowed Defendants to file a sur-reply addressing the argument that Plaintiffs made for the first time in their reply, and Defendants did so on July 15, 2014.  Sur-Reply in Opposition to Motion to Remand, ECF No. 29.  Plaintiffs permissibly filed a sur-sur-reply on July 16, 2014.  Sur-Sur-Reply in Support of Motion to Remand, ECF No. 30.

## ANALYSIS

## I. PLAINTIFFS' MOTION TO REMAND

### A.  Legal Standard

28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1    States for the district and division embracing the place where such action is pending."  Federal

2    courts, however, are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*,

3    511 U.S. 375, 377 (1994); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

4    As a result, the removal statute is construed strictly against removal, and "[f]ederal jurisdiction must

5    be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*,

6    980 F.2d 564, 566 (9th Cir. 1992); *see also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

7        28 U.S.C. § 1446 sets forth the statutory procedures a defendant or defendants must follow to

8    remove an action to federal court.  Under those procedures, which also are to be "strictly construed,"

9    *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), the notice of removal containing a

10   short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), "shall be filed within 30

11   days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

12   setting forth the claim for relief upon which such action or proceeding is based, or within 30 days

13   after the service of summons upon the defendant if such initial pleading has then been filed in court

14   and is not required to be served on the defendant, whichever period is shorter," 28 U.S.C. §

15   1446(b)(1).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)

16   (the 30-day deadline to remove set forth in § 1446(b) is "triggered by" service of summons and

17   complaint and not by earlier "receipt of the complaint unattended by any formal service").  Pursuant

18   to the so-called "last-served defendant rule," which since 2011 has been codified in the removal

19   procedure statute, "[e]ach defendant shall have 30 days after receipt by or service on that defendant

20   of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B).

21   And pursuant to the so-called "unanimity rule," "[w]hen a civil action is removed solely under [28

22   U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent

23   to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).[2]  "If defendants are served at different

24   times, and a later-served defendant files a notice of removal, any earlier-served defendant may

25   consent to the removal even though that earlier-served defendant did not previously initiate or

26   

27       [2] A narrow exception to the unanimity rule is recognized where removal consent is not
      obtained from "nominal, unknown or fraudulently joined parties." *United Computer Sys., Inc. v. AT*

28   *& T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *see also Naqvi v. US Med. Home, Inc.*, No. C 14-
      00168 WHA, 2014 WL 1338262, at *1 (N.D. Cal. Mar. 31, 2014).

consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Filing a motion to remand is the proper way to challenge removal. *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Remand to state court may be ordered either for lack of subject matter jurisdiction or, upon the timely filing of a motion to remand, for any defect in removal procedure. 28 U.S.C. § 1447(c). A motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal, but the court may consider whether it has subject matter jurisdiction over a case at any time. *Id.* When the court's subject matter jurisdiction is at issue, the court may remand sua sponte or on motion of a party, and the party who invoked the federal court's jurisdiction has the burden of establishing it. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

**B. Discussion**

**1. Defendants Timely Filed Their April 11, 2014 Notice of Removal**

Plaintiffs first argue that Defendants' Notice of Removal is procedurally defective because they did not timely file it. Specifically, they argue that Hunter's 30-day period for filing a notice of removal began to run on February 24, 2014, when Mr. Garlock received the First Amended Complaint and summons by email from Mr. Sidebotham. If this is true, Plaintiffs argue, Hunter's Notice of Removal was untimely.

As Hunter points out, however, the 30-day period for filing a notice of removal begins to run only after formal service is made. In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court explained that under 28 U.S.C. § 1446(b), "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347. Accordingly, the Court held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48; *see Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128,

UNITED STATES DISTRICT COURT
For the Northern District of California

1132-33 (9th Cir. 2011) (under *Murphy Bros.*, "actual notice of the action is insufficient"; rather, the removal clock does not start ticking until formal service is made); *see also* William W. Schwarzer, et al., Federal Civil Procedure Before Trial ¶¶ 2.896, 2.897 (The Rutter Group 2014) (removal period is triggered by formal service of process, which is determined by state law); 16-107 James Wm. Moore, et al., Moore's Federal Practice - Civil § 107.11 (3d ed.) ("Based on 28 U.S.C. § 1446(b), which states that the removal notice 'shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading' (emphasis added), it could be argued that an *improperly* served defendant, or one who merely received a copy of the complaint, is required to join the notice of removal.  However, the Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* effectively overruled that argument.") (footnotes omitted).  Plaintiffs' attempt to distinguish *Murphy Bros.* is not persuasive.  *See* Reply in Support of Motion to Remand, ECF No. 24 at 8-9.

Here, Hunter and Mr. Keyes were not formally served under California law until Mr. Williams executed and returned to Mr. Sidebotham the two Notice and Acknowledgment of Receipt on March 14, 2014 (for Hunter) and March 18, 2014 (for Mr. Keyes).  *See* Cal. Code Civ. Proc. § 415.30(c) (service by mail is complete on the date the notice form is executed, provided that it is returned to the sender); Cal. Code Civ. Proc. § 415.10 (personal service is deemed complete at the time of delivery); *see also Madren v. Belden, Inc.*, No. 12–CV–01706–RMW, 2012 WL 2572040, at *2 (N.D. Cal. July 2, 2012).  This means that Hunter had until April 14, 2014, and Mr. Keyes had until April 17, 2014, to file a notice of removal, which they jointly did on April 11, 2014.

**2. Plaintiffs Did Not Timely Raise the Procedural Defects that Hunter Did Not Timely Assert Federal Question Jurisdiction as a Ground for Removal and that Mr. Keyes Cannot Assert It on Either His Own or Hunter's Behalf**

In their reply brief, Plaintiffs argue for the first time that even if Hunter was not served until March 14, 2014, Hunter did not timely assert federal question jurisdiction, which was made in Defendants' joint Supplement and Amendment to the Notice of Removal that was filed on April 17, 2014 (i.e., after Hunter's 30-day period to assert grounds for removal was over), and that Mr. Keyes, whose 30-day period was not yet over, could not assert it on Hunter's behalf.  At the July 10, 2014

UNITED STATES DISTRICT COURT
For the Northern District of California

1    hearing, and again in their sur-reply, Defendants argued that Plaintiffs waived their argument that

2    Hunter's assertion of the court's federal question jurisdiction was untimely and that Mr. Keyes's

3    cannot assert it on Hunter's behalf, because Plaintiffs did not make this particular argument in their

4    May 9, 2014 motion to remand but instead made it for the first time in their May 30, 2014 reply

5    brief. *See* Sur-Reply in Opposition to Motion to Remand, ECF No. 29 at 3.

6        In support of their position, Defendants cite *Jan Marini Skin Research, Inc. v. Fed. Express

7    Corp.*, No. C 09-4910 JF, 2010 WL 251648, at *1 (N.D. Cal. Jan. 14, 2010).  In that case, the

8    defendant removed the action from state court on diversity jurisdiction grounds. *Id.* at *1.  The

9    plaintiff timely filed a motion to remand, arguing that the defendant's notice of removal was

10   procedurally defective because it was not filed within 30 days from the date that the defendant

11   informally received notice of the complaint. *Id.*  In its opposition brief, the defendant defeated that

12   argument by citing (as Defendants here did) the Supreme Court's decision in *Murphy Bros*. *Id.*  The

13   plaintiff then filed a reply that abandoned its timeliness argument and instead asserted that the notice

14   of removal was procedurally defective because it failed to state the plaintiff's principal place of

15   business and thus failed to establish diversity of citizenship. *Id.*  In its order denying the plaintiff's

16   motion, the court rejected the plaintiff's new argument, explaining that "[a]lthough [the plaintiff]

17   filed its motion to remand within the [30]-day period, the motion was not based upon [the

18   defendant's] purported failure to allege [the plaintiff's] principal place of business—that issue was

19   not raised until well after the expiration of the [30]-day period and thus has been waived." *Id.* at *2.

20   In doing so, the court in *Jan Marini* relied upon the Ninth Circuit decision in *N. Cal. Dist. Council of

21   Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995).  There, the Ninth Circuit

22   was faced with an identical situation—that is, where the plaintiff made a procedural defect argument

23   for the first time in its reply brief in support of its motion to remand—and held that 28 U.S.C. §

24   1447(c) "prohibits a defect in removal procedure from being raised later than 30 days after the filing

25   of the notice of removal, regardless of whether a timely remand motion has been filed." *Id.* at 1037-

26   38.  Accordingly, the Ninth Circuit concluded that "the district court had no authority to remand the

27   case to the state court on the basis of a defect in removal procedure raised for the first time more

28   than 30 days after the filing of the notice of removal." *Id.*

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    In their sur-sur-reply, Plaintiffs argue that "[t]he 'defect' at issue here has always been

2    timeliness." Sur-Sur-Reply in Support of Motion to Remand, ECF No. 30 at 2. They say that

3    because they argued in their motion that Defendants' April 11, 2014 Notice of Removal was

4    untimely (which, as the court explained above, it was not), they did not waive their later argument

5    that Hunter's and/or Mr. Keyes's assertion of federal question jurisdiction also was untimely. In

6    essence, they try to characterize the procedural defect in broad terms (i.e., timeliness generally)

7    rather than in specific ones (i.e., Hunter did not assert federal question jurisdiction within its 30-

8    day window and Mr. Keyes cannot do it for Hunter). Unfortunately for Plaintiffs, the court reads the

9    Ninth Circuit's holding in *Pittsburg-Des Moines Steel* to require a plaintiff to make all of its

10   particular arguments regarding any procedural defects within 30 days, not simply to file a motion

11   based on a procedural defect. Just as a defendant may amend the notice of removal only to correct a

12   "defective allegation of jurisdiction," *see* 28 U.S.C. § 1653, but not to add a separate basis for

13   removal jurisdiction, *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of the*

14   *State of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (citing *O'Halloran v. University of*

15   *Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988)), outside of the defendant's 30-day period, a

16   plaintiff also may not raise a new procedural defect argument (even if it relates to the previous

17   argument) outside of the plaintiff's 30-day period, either. Thus, the court finds that Plaintiffs'

18   waived their argument that Hunter's assertion of the court's federal question jurisdiction was

19   untimely and that Mr. Keyes's cannot assert it on Hunter's behalf.[3]

---

21        [3] Had this argument been timely raised, the court likely would have found it persuasive.
22   Hunter's attempt to amend the notice of removal to assert federal question jurisdiction as a ground
     for removal failed because, as the Ninth Circuit has made clear, after the 30-day period to file a
23   notice of removal has ended, a defendant may amend the notice of removal to correct a "defective
     allegation of jurisdiction," *see* 28 U.S.C. § 1653, but not to add a separate basis for removal
24   jurisdiction. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of the State of*
     *Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (citing *O'Halloran v. University of Washington*, 856
25   F.2d 1375, 1381 (9th Cir. 1988)). But it is not clear whether Mr. Keyes could assert it on Hunter's
26   behalf. Surprisingly, there is scant authority addressing the issue of whether a defendant named only
     in state law claims (i.e., a pendent party) may assert federal question jurisdiction as a ground for
27   removal when the defendant named in the federal law claims did not. The Ninth Circuit does not
     appear to have weighed in on this issue, and the court is aware of only a few district courts—none
28   within the Ninth Circuit—that have. Some have found that 28 U.S.C. § 1446 allows any defendant

**3.  Mr. Keyes Was Not Fraudulently Joined and Therefore Diversity Jurisdiction Does Not Exist**

Plaintiffs also argue that Defendants' assertion of the court's diversity jurisdiction fails. Defendants' assertion of diversity jurisdiction is based on their contention that Mr. Keyes was fraudulently joined to this action and thus should be ignored for diversity jurisdiction purposes. Plaintiffs contend that they have sufficiently alleged (or can sufficiently allege, upon amendment) a claim against Mr. Keyes and therefore he was not fraudulently joined.  The court agrees with Plaintiffs.

Under to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed in federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in civil cases based only on federal question or diversity jurisdiction.  *Id.*; *see* 28 U.S.C. §§ 1331, 1332.  To

---

to remove an action based on federal question jurisdiction grounds as long as there is a federal claim against any defendant to the action.  *See Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc.*, No. H-14-211, 2014 WL 2526914, at *3, 2014 U.S. Dist. LEXIS 76221, at *10-11 (S.D. Tex. June 4, 2014); *Smith v. Smart Buy Homes*, No. CIV-08-89-C, 2008 WL 5122840, at *1, 2008 U.S. Dist. LEXIS 98105, at *3 (W.D. Okla. Dec. 4, 2008); *Solis v. Chase Bank USA*, No. EP-05-CA-453-DB, 2006 WL 487855, at *2, 2006 U.S. Dist. LEXIS 8003, at *7-9 (W.D. Tex. Feb. 8, 2006); *Cartwright v. Thomas Jefferson Univ. Hospital*, 99 F. Supp. 2d 550 (E.D. Pa. 2000); *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Proc. before Trial § 2:2246 (The Rutter Group 2014) ("Any defendant, even if not named in a removable claim, may file a notice of removal.") (citing *Cartwright*).  Others have found the opposite.  *See Shepp v. Columbia College Chicago*, No. 06 C 1069, 2006 WL 1156387, at *1-2, 2006 U.S. Dist. LEXIS 30175, at *2-4 (N.D. Ill. Apr. 27, 2006); *Wisniewski v. City of Chicago*, No. 98 C 7682, 1998 WL 895746, at *1, 1998 U.S. Dist. LEXIS 19889, at *2 (N.D. Ill. Dec. 15, 1998); *Tubbs v. Unknown City of Chicago Police Officers*, No. 98 C 4490, 1998 U.S. Dist. LEXIS 11629, at *2-3 (N.D. Ill. July 23, 1998); *Regalado v. City of Chicago*, 946 F. Supp. 560, 561 (N.D. Ill. 1996); *Greene v. Hindes*, No. 93 C 6843, 1993 WL 489721, at *2, 1993 U.S. Dist. LEXIS 16428, at *3-6 (N.D. Ill. Nov. 15, 1993); *see also* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed.) ("defendants to the non-removable claims in a suit containing removable claims against other parties cannot independently initiate a removal of the case") (citing *Regalado*).  Given the parties that removal is meant to protect, the language of 28 U.S.C. § 1446, the "last-served defendant rule's" codification in that statute (meaning each defendant now is assured of having 30 days to decide whether to remove an action), and the requirement that the court strictly construe the removal statutes against removal, the court finds more persuasive the line of cases allowing only defendants named in federal claims to remove an action (as opposed to merely consenting to removal) based on the court's federal question jurisdiction.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    invoke diversity jurisdiction in an action involving United States citizens, the complaint must allege

2    that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

3    and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).

4         The parties do not dispute that the amount in controversy requirement is met, but they do dispute

5    whether the action is between citizens of different states.  The Supreme Court has interpreted 28

6    U.S.C. § 1332(a) to require "complete diversity of citizenship"—that is, each of the plaintiffs must

7    be a citizen of a different state than each of the defendants.  *Caterpillar*, 519 U.S. at 68; *see Morris*

8    *v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  In addition, under 28 U.S.C. §

9    1441(b), an action which otherwise meets the criteria for diversity jurisdiction under 28 U.S.C. §

10   1332 may not be removed "if any of the parties in interest properly joined and served as defendants

11   is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "This 'forum

12   defendant' rule 'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is

13   less reason to fear state court prejudice against the defendants if one or more of them is from the

14   forum state.'"  *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004)

15   (quoting Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 345 (4th ed. 2003)).  It is "thus clear that

16   the presence of a local defendant at the time removal is sought bars removal."  *Id.*

17        Although Mr. Rosset, Mr. White, and Mr. Keyes all are citizens and residents of California,

18   Defendants maintain that Mr. Keyes's presence does not defeat the requirement of complete

19   diversity or trigger the forum defendant rule because he was fraudulently joined.  While diversity

20   jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete diversity of the parties, removal is

21   proper despite the presence of a non-diverse or resident defendant when that defendant was

22   fraudulently joined.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McCabe v. Gen. Foods*,

23   811 F.2d 1336, 1339 (9th Cir. 1987) (a fraudulently jointed defendant will not defeat diversity

24   jurisdiction).  In the Ninth Circuit, if a plaintiff "fails to state a cause of action against a resident

25   defendant, and the failure is obvious according to the settled rules of the state, the joinder of the

26   resident defendant is fraudulent."  *McCabe*, 811 F.2d at 1339.  There is a strong presumption against

27   fraudulent joinder, and a defendant who asserts it "carr[ies] a heavy burden of persuasion."

28   *Lieberman v. Meshkin, Mazandarani*, C-96-3344 SI, 1996 WL 732506, at *2 (N.D. Cal. Dec.11,

1996) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).  "Indeed, [a

defendant] must show to 'a near certainty' that joinder was fraudulent and that 'plaintiff has *no*

*actual intention to prosecute* an action against [that] particular resident defendant[].*"  Osorio v.*

*Wells Fargo Bank*, No. C 12-02645 RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012) (quoting

*Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (emphasis in original) (citing

*Boyer*, 913 F.2d at 111)); *see also Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), aff'd,

710 F.2d 549 (9th Cir. 1983).

   "The defendant seeking removal to the federal court is entitled to present the facts showing the

joinder to be fraudulent."  *Id*.  A non-diverse defendant is deemed to be fraudulently joined if, after

all disputed questions of fact and all ambiguities in the controlling state law are resolved in the

plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is

questioned.  *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).  "[T]o

establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid

claim against a non-diverse defendant" to survive a fraudulent joinder challenge.  *Knutson v.*

*Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993-95 (D. Nev. 2005) (collecting cases).  Accordingly,

a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the

complaint at the time of removal fails to state a claim against the non-diverse defendant.  *See Burris*

*v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)

(citing *Nickelberry v. DiamlerChrysler Corp.*, No. C-06-1002 MMC, 2006 WL 997391, at *1-2

(N.D. Cal. Apr. 17, 2006) (remanding action where defendant failed to demonstrate that the plaintiff

would not be given leave to amend to cure the pleading deficiency regarding the alleged sham

defendant)).  "Remand must be granted unless the defendant shows that the plaintiff 'would not be

afforded leave to amend his complaint to cure [the] purported deficiency.'"  *Padilla v. AT & T*

*Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris*, 2006 WL 2038040, at *2 ).

   Here, Defendants argue that Plaintiffs' Claims One, Three, and Four against Mr. Keyes all fail

and must be dismissed with prejudice.  As a reminder, Claims One is brought against Hunter as an

"Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and against Mr.

Keyes as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Willful Misclassification"

1    under California Labor Code §§ 226.8 and 2698 et seq.  Section 226.8(a)(1) provides:

2         It is unlawful for any person or employer to engage in any of the following activities:

3         (1) Willful misclassification of an individual as an independent contractor.

4         (2) Charging an individual who has been willfully misclassified as an independent
          contractor a fee, or making any deductions from compensation, for any purpose,
5         including for goods, materials, space rental, services, government licenses, repairs,
          equipment maintenance, or fines arising from the individual's employment where any
6         of the acts described in this paragraph would have violated the law if the individual
          had not been misclassified.

7

8    Defendants first point out that the claim against Mr. Keyes is brought in Mr. Rosset's and Mr.

9    White's individual capacities.  Then, citing *Villalpando v. Exel Direct Inc.*, Case Nos. 12-cv-04137

10   JCS and 13-cv-03091 JCS, 2014 WL 1338297, at *14-19 (N.D. Cal. Mar. 28, 2014), Defendants

11   argue that there is no private right of action under Section 226.8.  Indeed, in that case, the plaintiffs

12   brought, in their individual capacities, a claim under Section 226.8 for "willful misclassification,"

13   and the defendants moved to dismiss it.  *Id.* at *3, *19.  After discussing in great detail California

14   law regarding private rights of action generally and regarding private rights of action under Sections

15   200-244 of California Labor Code specifically, the court quoted Section 226.8(a)(1) and concluded

16   that Section 226.8 does not explicitly create a private right of action and neither the legislative

17   history nor the other Labor Code provisions impliedly created one, either.  *Id.* at *19.  The court

18   accordingly dismissed the plaintiffs' claim with prejudice.  *Id.*

19        The court finds the court's reasoning and conclusion in *Villalpando* to be persuasive.  In their

20   opposition to Mr. Keyes's motion to dismiss, Plaintiffs try to distinguish *Villalpando* by arguing that

21   the court there quoted only Section 226.8(a)(1) and thus its holding is limited to that particular

22   subsection.  They then point out that they bring their claim under Section 226.8(a)(2) and argue that

23   Defendants have presented no authority regarding that subsection.  The court finds this to be

24   immaterial.  First, although the court quoted Section 226.8(a)(1) in its analysis section, the plaintiffs

25   alleged a claim under Section 226.8 generally and did not specify a subsection.  *Id.* at *3; *see also*

26   *Villalpando v. Exel Direct Inc.*, Case No. 12-cv-04137 JCS, Dkt. No. 65 at 37, ¶¶ 168-72 (N.D. Cal.

27   Oct. 28, 2013).  Second, even after quoting Section 226.8(a)(1), the court stated that there was no

28   clear legislative intent to create a private right of action under Section 226.8 generally and dismissed

the plaintiffs' claim—which, again, was for a violation of Section 226.8 generally—with prejudice. *Villalpando*, 2014 WL 1338297, at *19. The court follows *Villalpando* and concludes that there is no individual private right of action for a violation of Section 226.8 and therefore Plaintiffs' claim fails. And because Plaintiffs make no attempt to argue that they could bring a claim for violation of Section 226.8 through another mechanism (e.g., as a PAGA claim), the court finds that the claim fails as a matter of law and that amendment would be futile.

Next, the court addresses Claim Four. Claim Four is brought against Hunter as an "Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and against Mr. Keyes as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Unlawful Deductions from Wages" under California Labor Code §§ 221 and 2698 et seq. Section 221 provides that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Defendants correctly point out that Section 221 applies only to an "employer" and then argue that Plaintiffs have not alleged any facts whatsoever to support a contention that Mr. Keyes is an employer. In fact, Defendants note that Plaintiffs' allegations would seem to undercut such a contention. *See* FAC ¶ 10 ("On information and belief, KEYES's unlawful acts alleged herein were carried out within the scope of his actual or apparent authority *as an agent and employee of Hunter*.") (emphasis added). Plaintiffs fail to address Defendants' argument in any of their briefs or argue that they could amend the claim. *See generally* Motion to Remand, ECF No. 16; Opposition to Motion to Dismiss, ECF No. 15; Reply in Support of Motion to Remand, ECF No. 24. Accordingly, the court finds that Claim Four fails as a matter of law and that amendment would be futile.

Finally, the court reviews Claim Three. Again, Claim Three is brought against Hunter as an "Individual, Class, and PAGA Representative Claim" by Mr. Rosset and Mr. White, and against Mr. Keyes as an "Individual Claim" by Mr. Rosset and Mr. White, and is for "Unlawful Purchase Requirements" under California Labor Code §§ 450 and 2698 et seq. Section 450 provides that "[n]o employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value." As they did for Claim One, Defendants first correctly point out that the claim

UNITED STATES DISTRICT COURT
For the Northern District of California

1   against Mr. Keyes is brought in Mr. Rosset's and Mr. White's individual capacities.  Then, citing

2   *Villalpando*, 2014 WL 1338297, at *17, *19, as well as *Sanchez v. Aerogroup Retail Holdings, Inc.*,

3   No. 12-CV-05445-LHK, 2013 WL 1942166, at *4-5 (N.D. Cal. May 8, 2013), Defendants argue that

4   there is no private right of action under Section 450.  In both *Villalpando* and *Sanchez*, the courts

5   found that Section 450 does not explicitly create a private right of action and neither the legislative

6   history nor the other Labor Code provisions impliedly created one, either.  *Villalpando*, 2014 WL

7   1338297, at *17; *Sanchez*, 2013 WL 1942166, at *4-5; *see also Harris v. Vector Mktg. Corp.*, No.

8   C-08-5198 EMC, 2010 WL 2077015, at *1-5 (N.D. Cal. May 20, 2010) (finding, after an exhaustive

9   analysis, that no individual private right of action exists under Section 450).

10      Plaintiffs make no attempt to argue otherwise.  Rather, they argue that they "are not asserting a

11   claim under Section 450 per se, but instead bring their claim as private attorneys general under

12   PAGA."  Opposition to Motion to Dismiss, ECF No. 15 at 5.  This, however, is not what the First

13   Amended Complaint says.  As recounted above, while Plaintiffs allege a violation of Section 450 as

14   a PAGA claim against Hunter, their claim against Mr. Keyes explicitly is brought as an "Individual

15   Claim."  And the court is not persuaded by Plaintiffs' argument that a PAGA claim against Mr.

16   Keyes is "implicit" in their allegations.  *Id.* at 6.

17      Still, this does not mean that Plaintiffs could not amend their complaint to allege a PAGA claim

18   against Mr. Keyes.  Indeed, California Labor Code § 2699.5, which enumerates the statutory

19   violations that may underlie a PAGA claim, specifically lists Section 450 as one of those violations.

20   *See Harris*, 2010 WL 2077015, at *5 (noting that a plaintiff can bring a claim under Section 450

21   through PAGA).  While Defendants point out that Plaintiffs did not bring a PAGA claim based on a

22   violation of Section 450 against Mr. Keyes in the First Amendment Complaint, they do not argue

23   that the facts of this prevent them from doing so.  *See* Opposition to Motion to Remand, ECF No. 21

24   at 22 n.5.  Accordingly, the court finds that while Claim Three, as currently alleged, fails, Plaintiffs

25   may still be able to allege a PAGA claim based on a violation of Section 450 against Mr. Keyes.

26   Therefore, the court finds that Mr. Keyes was not fraudulently joined because Plaintiffs have at least

27   one potentially valid claim against Mr. Keyes (a non-diverse defendant), *see Knutson*, 358 F. Supp.

28   2d at 993-95, and therefore the court does not have diversity jurisdiction over this action.

**4.   Defendants Have Not Sufficiently Supported Their Assertion of Federal Question Jurisdiction Based on Complete Preemption under ERISA**

Plaintiffs also argue that federal question jurisdiction does not exist.  In their motion to remand, they argue that none of their claims "arise under" federal law because all of their claims are state law claims and because their right to relief does not necessarily depend on the resolution of a substantial question of federal law.  *See* Motion to Remand, ECF No. 16 at 8-10.  For this reason, Plaintiffs say that Claims Five and Nine are not "completely preempted" by ERISA.[4]  *See id.*

In their opposition, Defendants argue that Plaintiffs miss the point, because whether their right to relief necessarily depends on the resolution of a question of federal law is not the test for complete preemption under ERISA.  *See* Opposition to Motion to Remand, ECF No. 21 at 17.  Defendants then say that Plaintiffs' claims are completely preempted by ERISA because Plaintiffs seek to recover benefits under ERISA-covered benefit plans.  *See id.* at 16-20.

The problem is that Defendants also do not analyze the issue under the proper test, either.[5]  In

---

[4]   In cases removed from state court, federal jurisdiction ordinarily must appear on the face of the well-pleaded complaint at the time of removal.  *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).  Complete preemption under ERISA is an exception to this rule in that federal law displaces a plaintiff's state law claim, no matter how carefully pleaded.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003).

A state law claim may be subject to "complete preemption" or "conflict preemption" under ERISA.  If a state law claim is subject to complete preemption under the civil enforcement provisions of ERISA § 502(a), it may be removed under 28 U.S.C. § 1441.  *See* 28 U.S.C. § 1441 (defendant may remove case brought in state court if federal district courts have original jurisdiction); 28 U.S.C. § 1331 (federal district courts have original jurisdiction over claims arising under the Constitution, treaties, or laws of the United States); *Marin General Hosp., v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944-46 (9th Cir. 2009).  If, however, a state claim is subject only to conflict preemption under ERISA § 514(a), ERISA provides only a federal defense.  *See* 29 U.S.C. § 1144(a) (relevant provisions of ERISA shall supersede state law insofar as they relate to any non-exempt ERISA employee benefit plan); *Marin General Hosp.*, 581 F.3d at 949.  What this means is that with conflict preemption, a state claim is not converted into an action "arising under federal law," and removal is improper.  *Metro. Life Ins. Co.*, 481 U.S. at 64; *see also Marin General Hosp.*, 581 F.3d at 945.

[5] Even though Plaintiffs failed to mention this issue in their reply brief, *see generally* Reply in Support of Motion to Remand, ECF No. 24, and thus could be considered to have abandoned their

UNITED STATES DISTRICT COURT
For the Northern District of California

1    both their jointly-filed Supplement and Amendment to the Notice of Removal, *see* ECF No. 7, ¶ 5,

2    and their opposition brief, Defendant cite a Supreme Court opinion, *Metro. Life Ins. Co. v. Taylor*,

3    481 U.S. 58 (1987), but they ignore the Supreme Court's more recent opinion in *Aetna Health Inc. v.*

4    *Davila*, 542 U.S. 200, 210 (2004), which set forth a two-prong test for determining whether a state

5    law claim is completely preempted by ERISA.  Under the *Davila* test, Defendants must prove that

6    Claims Five and Nine are encompassed in ERISA's civil enforcement scheme set forth in ERISA §

7    502(a) by showing the following: (1) that Plaintiffs at some point in time could have brought Claims

8    Five and Nine under ERISA § 502(a)(1)(B); and (2) there is no other independent legal duty

9    implicated by Hunter's actions.  *See Marin General Hosp., v. Modesto & Empire Traction Co.*, 581

10   F.3d 941, 946 (9th Cir. 2009) (quoting the *Davila* test); *see also Bd. of Trs. of Alameda County Med.*

11   *Ctr. v. Costco Employee Benefits Plan*, No. C 12–04609 LB, 2012 WL 6632506, at *3-7 (N.D. Cal.

12   Dec. 19, 2012) (applying and analyzing both prongs of the *Davila* test and concluding that the

13   plaintiff's state law claims were not completely preempted by ERISA).[6]

14   Nowhere do Defendants discuss the *Davila* test or argue that its prongs are met.  Moreover, the

15   lone district court opinion that they cite, even though it was decided 8 years after *Davila* and even

16   cites *Davila* for general statements about ERISA complete preemption, also fails to apply the test.

17   *See Clark v. Dale Prop. Servs.*, No. 2:11-cv-01623, at *2-3 (W.D. Pa. Mar. 13, 2012).  For this

18   reason, the court finds its reasoning and holding to be inapposite.

19   Based on the record before it, the court cannot conclude whether Claims Five and Nine are

20   completely preempted by ERISA and thus provide the court with federal question jurisdiction.  To

21

22   argument that Claims Five and Nine are not completely preempted, because the question of the
     court's subject matter jurisdiction is at issue, the court may raise it sua sponte.  *See*, *e.g.*, *Cattarin v.*

23   *Kraft Foods N.A., Inc. Tip Plan*, No. 09-CV-534A, 2009 WL 3459662, at *2 (W.D.N.Y. Oct. 19,
     2009) (court sua sponte raised the issue of whether it had subject-matter jurisdiction based on

24   complete preemption under ERISA); *Chesters v. Welles-Snowden*, 444 F. Supp. 2d 342, 343 (D. Md.

25   2006) (same).

26   [6] As the removing parties, Defendants have the burden of proving that jurisdiction exists.

27   That requires them to demonstrate by a preponderance of the evidence that Claims Five and Nine are
     subject to complete preemption under ERISA § 502(a).  *See Sanchez v. Monumental Life Ins. Co.*,

28   102 F.3d 398, 403-04 (9th Cir. 1996); *Nishimoto v. Federman-Bachrach & Assoc.*, 980 F.2d 709,
     712 n.3 (9th Cir. 1990).

remedy this, the court directs the parties to submit further briefing on the issue.  No later than 5:00 p.m. PDT on Thursday, July 24, 2014, Defendants shall file a 5-page brief addressing this issue. Then, no later than 5:00 p.m. on Thursday, July 31, 2014, Plaintiff may file a 5-page brief in response.  The court then will review the briefs and take the matter under submission.

## CONCLUSION

For the foregoing reasons, the court rules as follows with respect to Plaintiffs' motion to remand. The court rejects Plaintiffs' arguments that Defendants' removal of the action was procedurally defective, accepts their argument that Mr. Keyes was not fraudulent joined, and directs the parties to provide further briefing regarding Defendants' ERISA complete preemption ground for removal. No later than 5:00 p.m. PDT on Thursday, July 24, 2014, Defendants shall file a 5-page brief addressing this issue.  Then, no later than 5:00 p.m. on Thursday, July 31, 2014, Plaintiff may file a 5-page brief in response.  The court then will review the briefs and take the matter under submission.

**IT IS SO ORDERED.**

Dated: July 17, 2014

_____
LAUREL BEELER
United States Magistrate Judge